No. 40.—THE ROME RAIL ROAD COMPANY, plaintiff in error *vs.* THE MAYOR & COUNCIL OF ROME, defendants.

[1.] The property of The Rome Rail Road Company, within the City of Rome, which is necessary to conduct the business of that Company, held to be a part of its Capital Stock, and not liable to taxation by that city as property.

Illegality in Floyd Superior Court.    Decided by Judge JNO. H. LUMPKIN, August Term, 1853.

The City of Rome was incorporated in 1847.    The Charter contained the following section: " The Mayor and Members of Council of the City of Rome shall have full power and author-

ity to levy a tax, not exceeding the State tax, on all persons, professions and property within the corporate limits of the city, of whatever kind, whether real or personal, which is subject to taxation by the laws of this State."

The Mayor and Council levied a tax upon the property of the Rome Rail Road Company within the corporate limits of the City; and, payment thereof being refused, they issued execution on the 10th Sept. 1852, directing their marshal to collect the same.

The Company resisted said execution by affidavit of illegality, founded on the following clause in their charter, enacted in 1839:

"That the stock of said Company shall not be liable to any tax, duty, or imposition whatever, unless such, and no more, as is now in Banks of this State."

It was admitted that the tax was imposed upon all the property of the Company within the corporate limits of the City of Rome, and that the Company had no other property there than such as was necessary to carry on their legitimate business.

The case was brought up by certiorari to the Superior Court, and the Court sustained the action of the Council, and dismissed the illegality.

To which the defendant excepted.

PRINTUP for plaintiff in error.

SMITH & UNDERWOOD for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The tax imposed by the City of Rome was upon the *property* of the Rail Road Company. It was not upon the Capital Stock, nor was the assessment according to the rate at which Banks were taxed at the time that the Charter was granted. That Charter provides "That the Stock of said Company shall not be liable to any tax, duty, or imposition whatever, unless such and no more as is now in Banks of this

State." (*See Act in pamphlet of* 1839.) This clause, literally, is unintelligible. What tax, duty, or imposition *was in Banks* in Georgia at that time, we have no means of knowing. And if we did know, it would be a curious criterion for taxing Rail Roads. There is an omission. Doubtless the Legislature intended to say that the Stock of that Company should not be liable to a tax, except such tax as *is now imposed upon the Stock* of Banks in this State. So we interpret the clause.—Now by this clause the Capital Stock of this Rail Road is protected from taxation except in a given rate—that is, as Bank Stock was then taxable. It is conceded that the property taxed, is such only as is necessary to conduct the business of the Company. It is therefore a part of its Capital Stock, and as such not taxable *as property* by the Rome Corporation, upon an assessment different from that according to which Bank Stock was taxable. Had Rome undertaken to tax *the Capital Stock* of the Company within her limits, why then the question could be different. But on that question we give no opinion.

Let the Judgment be reversed.